UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED

CARL ZEISS MICROIMAGING, INC. )
)
Plaintiff, )
)
v. )
)
CAMBRIDGE SYSTEMS, INC. ) Civil Action No. 1:10-cv-1008
) (LMB/TRJ)
and )
)
CAMBRIDGE GLOBAL SERVICES, INC.,)
)
Defendants. )

# COMPLAINT

Comes now Carl Zeiss MicroImaging, Inc. ("Plaintiff" or "Carl Zeiss"), by counsel, files this complaint against the defendants, Cambridge Systems, Inc. ("Cambridge") and Cambridge Global Services, Inc. ("Global") (Cambridge and Global shall be collectively referred to herein as "Defendants"), and alleges as follows:

## PARTIES

1. Carl Zeiss MicroImaging, Inc. is a New York corporation with its principal office located at One Zeiss Drive, Thornwood, New York 10594.

2. Cambridge Systems, Inc. is a Virginia corporation with its principal office located at 14155 Newbrook Drive, Chantilly, Fairfax County, Virginia 20151-0000.

3. Cambridge Global Services, Inc. is a Virginia corporation with its principal office located at 14155 Newbrook Drive, Suite 350, Chantilly, Fairfax County, Virginia 20151-0000.

4. Upon information belief, Global is a wholly-owned subsidiary of Cambridge.

## JURISDICTION AND VENUE

5. Plaintiff is incorporated under the laws of New York with its principal place of business in New York. Defendants are organized under the laws of Virginia, each with its principal place of business in Virginia. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between the plaintiff and defendants.

6. Venue is proper in this Court under 28 U.S.C. § 1391(a) because the Defendants reside in the Eastern District of Virginia, a substantial part of the events giving rise to this suit occurred in this district, and the Defendants are subject to personal jurisdiction in this district.

## FACTS

7. Carl Zeiss is a company in the microscopy and microscopic imaging industry. Carl Zeiss is the U.S. distributor for Carl Zeiss MicroImaging GmbH, which manufactures microscopes and systems for microscopic imaging from simple stereoscopic microscopes to the most advanced laser scanning microscopes and sells and supports those products to a wide field of customers and industries ranging from secondary educational institutions, medical research facilities and government agencies, including the National Institutes of Health ("NIH").

**FIRST UNPAID INVOICE**

8. On or about August 21, 2008, Carl Zeiss provided Cambridge with a quotation for the purchase and delivery of a laser scanning microscope and related equipment for a price of $576,177.62. A true and correct copy of quotation number 109-99601341-1 is attached as Exhibit One.

9. The quotation included various payment terms, including the term that payment was due in thirty (30) days. See Exhibit One.

- 3 -

10. On or about September 12, 2008, Cambridge sent Carl Zeiss a purchase order for the purchase and delivery of the high-powered microscope and related equipment as set forth in Carl Zeiss's quotation. A true and correct copy of purchase order 11014 is attached as <u>Exhibit Two</u>. The purchase order accepted the terms and conditions of the Carl Zeiss quotation. The purchase order reflected the agreed-upon price of $576,177.62 and directed that the equipment be delivered to NIH at the following address: NIAID-Bethesda, MD, 9000 Rockville Pike, Building 10, Room 11D18, Bethesda, MD 20892.

11. Carl Zeiss delivered the high-powered microscope and related equipment as per the terms of the purchase order on January 23, 2009 and issued an invoice to Cambridge on January 30, 2009, specifying that payment was due within thirty (30) days of invoicing. A true and correct copy of Invoice Number 6043023595 is attached as <u>Exhibit Three</u>. Cambridge never objected to the invoice.

12. Cambridge Global made one payment of $65,307.65 to Carl Zeiss. A true and correct copy of Cambridge Global's payment check is attached as <u>Exhibit Four</u>. Cambridge has made no further payments to Carl Zeiss. Thus, Cambridge is indebted to Carl Zeiss in the amount of $510,869.97, plus interest thereon at the rate of 6%, until paid, for the purchase and delivery of the high resolution laser scanning microscope and related equipment, sold to Cambridge and delivered to NIH at the request of Cambridge on January 23, 2009.

**SECOND UNPAID INVOICE**

13. On or about September 24, 2008, Carl Zeiss provided Cambridge with a quotation for the purchase and delivery of a high-powered microscope and related equipment for a price of $11,591.23 (exclusive of applicable taxes). A true and correct copy of quotation number 121-46201573-1 is attached as <u>Exhibit Five</u>.

14. The quotation included various payment terms, including the term that payment was due in thirty (30) days.  See Exhibit Five.

15. On or about March 2, 2009, Cambridge sent Carl Zeiss a purchase order for the purchase and delivery of the high-powered microscope and related equipment as set forth in Carl Zeiss's quotation.  A true and correct copy of purchase order 13537 is attached as Exhibit Six. The purchase order accepted the terms and conditions of the Carl Zeiss quotation.  The purchase order reflected the agreed-upon price of $11,591.23 (exclusive of applicable taxes) and directed that the equipment be delivered to NIH at the following address:  NBACC, 1440 Porter Street, Fort Detrick, Maryland 21702.

16. Carl Zeiss delivered the high-powered microscope and related equipment as per the terms of the purchase order on April 24, 2009 and issued an invoice to Cambridge the same day in the amount of $12,401.88 (the quoted purchase price plus taxes), specifying that payment was due within thirty (30) days of invoicing.  A true and correct copy of Invoice Number 6043027268 is attached as Exhibit Seven.  Cambridge never objected to the invoice.

17. Cambridge has made no payments to Carl Zeiss on Invoice Number 6043027268. Thus, Cambridge is indebted to Carl Zeiss in the amount of $12,401.88, plus interest thereon at the rate of 6%, until paid, for the purchase and delivery of the high-powered microscope and related equipment, sold to Cambridge and delivered to NIH at the request of Cambridge on April 24, 2009.

**THIRD UNPAID INVOICE**

18. On or about September 30, 2009, Carl Zeiss provided Cambridge with a quotation for the purchase and delivery of a high-powered microscope and related equipment for a price of

$22,961.05 (exclusive of applicable taxes). A true and correct copy of quotation number 126-99601646-1 is attached as Exhibit Eight.

19. The quotation included various payment terms, including the term that payment was due in thirty (30) days. See Exhibit Eight.

20. On or about September 29, 2009, Cambridge sent Carl Zeiss a purchase order for the purchase and delivery of the high-powered microscope and related equipment as set forth in Carl Zeiss's quotation. A true and correct copy of purchase order 15052 is attached as Exhibit Nine. The purchase order accepted the terms and conditions of the Carl Zeiss quotation. The purchase order reflected the agreed-upon price of $22,961.05 (exclusive of taxes) and directed that the equipment be delivered to NIH at the following address: NIH NIAID, BLDG Twinbrook III, Room 2W09, 12735 Twinbrook Avenue, Bethesda, MD 20892.

21. Carl Zeiss delivered the high-powered microscope and related equipment as per the terms of the purchase order on January 5, 2010 and issued an invoice to Cambridge on January 6, 2010 in the amount of $24,338.72 (the quoted purchase price plus taxes), specifying that payment was due within thirty (30) days of invoicing. A true and correct copy of Invoice Number 6043038161 is attached as Exhibit Ten. Cambridge never objected to the invoice.

22. Cambridge has made no payments to Carl Zeiss on Invoice Number 6043038161. Thus, Cambridge is indebted to Carl Zeiss in the amount of $24,338.72, plus interest thereon at the rate of 6%, until paid, for the purchase and delivery of the high-powered microscope and related equipment, sold to Cambridge and delivered to NIH at the request of Cambridge on January 5, 2010.

23. For each of the Invoices referenced herein, Carl Zeiss has satisfied all conditions precedent to payment from Defendants.

24. Carl Zeiss has made demand for payment to Defendants.

25. Defendants have refused to pay Carl Zeiss the amounts owed.

26. Defendants have materially breached their contracts with Carl Zeiss and Carl Zeiss has been damaged by Defendants' material breach of contract.

## COUNT I
## BREACH OF CONTRACT

27. Plaintiff re-alleges and adopts herein by reference each of the averments set forth in paragraphs 1 through 31 above.

28. The Purchase Orders between Plaintiff and Defendants are valid and binding contracts.

29. Plaintiff fully performed its obligations under the Purchase Orders.

30. Payment to Plaintiff under the Purchase Order was due on March 1, 2009 for Invoice Number 6043023595; May 24, 2009 for Invoice Number 6043027268; and February 5, 2010 for Invoice Number 6043038161.

31. Plaintiff has requested multiple times that Defendants pay and that the contract breaches be cured. However, Defendants have failed to cure the breaches.

32. Defendants have paid only a portion of Invoice Number 6043023595, and have not paid the balance; and Defendants have not paid and refuse to pay Plaintiff the sums due under the Invoice Numbers 6043027268 and 6043038161.

33. Defendants' refusal to pay the Invoices constitutes a breach of contract that has harmed Plaintiff.

34. As a result of Defendants' breaches, Plaintiff has suffered damages, including the amounts due and owing under Invoice Numbers 6043023595, 6043027268, and 6043038161.

## COUNT II

## ACCOUNT STATED

35. Plaintiff re-alleges and adopts herein by reference each of the averments set forth in paragraphs 1 through 31 above.

36. Plaintiff presented the Invoices to Defendants on January 30, 2009 for Invoice Number 6043023595; April 24, 2009 for Invoice Number 6043027268; and January 6, 2010 for Invoice Number 6043038161.

37. Plaintiff was entitled to receive payment from Defendants within thirty (30) days of the respective Invoice dates.

38. Plaintiff never objected to the amounts shown on the Invoices.

39. Plaintiff demanded payment from Defendants and Defendants wrongfully refused to make full payment on the Invoices.

## COUNT III
## UNJUST ENRICHMENT

40. Plaintiff re-alleges and adopts herein by reference each of the averments set forth in paragraphs 1 through 42 above.

41. To its detriment, Plaintiff provided equipment for which it has not been compensated. Defendants accepted and benefited from the equipment provided by Plaintiff in the amounts set forth herein.

42. Defendants were aware of and have enjoyed the benefits conferred upon them by Plaintiff.

43. Under the circumstances, it is inequitable for Defendants to accept and retain the benefit of the equipment without compensating Plaintiff for the value thereof.

**WHEREFORE,** Plaintiff respectfully demands judgment against the Defendants Cambridge Systems, Inc. and Cambridge Global Services, Inc. for:

A. The amounts owed under Invoice Numbers 6043023595, 6043027268, and 6043038161, totaling $547,610.57.

B. Interest on all amounts at the rate of 6% per annum pursuant to Va. Code Ann. § 8.01-382 from the respective Invoice due dates until fully paid; and

C. All other relief to which it may be entitled, including costs and such other legal or equitable relief as the Court deems just and proper.

Dated: September 8, 2010

Respectfully submitted,

/s/ Marianne Roach Casserly
Marianne Roach Casserly
Virginia Bar No. 45254
*Counsel to Carl Zeiss MicroImaging, Inc.*
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, NW
Washington, DC  20004
Telephone:  (202) 756-3379
Facsimile:  (202) 654-4989
marianne.casserly@alston.com